UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KT CONTRACTING CO, INC.; CLASSIC HWY, LLC; KARL THATCHER; JEFFREY SCHEWRS; JASON SCHEWERS; and WILLIAM T. BLACK, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID FARB; FARB GUIDANCE SYSTEMS, INC.; and FARB FARMS, LLC, <br><br> Defendants. | Case No. 2:20-cv-00157-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |
| DAVID FARB; FARB GUIDANCE SYSTEMS, INC.; and FARB FARMS, LLC, <br><br> Counter-Claimants, <br><br> v. <br><br> KT CONTRACTING CO., INC.; CLASSIC HWY, LLC; KARL THATCHER; JEFFREY SCHEWRS; JASON SCHEWERS; and WILLIAM T. BLACK, <br><br> Counter-Defendants. | |

**MEMORANDUM DECISION AND ORDER - 1**

DAVID FARB; and FARB
GUIDANCE SYSTEMS, INC.,

Third-Party Plaintiffs,

v.

CLINTON ARNOLD; and TYSON
ARNOLD,

Third-Party Defendants.

## INTRODUCTION

Pending before this Court are Plaintiffs' related motions for entry of default (Dkt. 69) and to dismiss counterclaims (Dkt. 70). Also before the Court are Third-Party Defendants' motions for dismissal with prejudice of third-party complaint, crossclaims, and/or counterclaims (Dkt. 72), and for entry of default (Dkt. 73). For the reasons explained below, the Court will grant the motions in part, and deny them in part.

## BACKGROUND

On March 30, 2020, Plaintiffs[1], KT Contracting Co., Classic Hwy, LLC,

---

[1] The Court acknowledges that the parties have multiple titles given the procedural posture of this matter; however, for ease of reference, the Court will refer to the parties only by their original titles of Plaintiffs, Defendants, and Third-Party Defendants.

**MEMORANDUM DECISION AND ORDER - 2**

Karl Thatcher, Jeffery Schwers, Jason Schwers, and William T. Black instigated this lawsuit against Defendants David Farb, Farb Guidance System, Inc., and Farb Farms, LLC. Dkt. 1. Defendants, through their former counsel, filed an answer and alleged counterclaims against Plaintiffs. *See* Dkt. 9. After a series of amendments, Defendants eventually filed an Answer to First Amended Complaint, Affirmative Defenses, Counterclaims, and Third-Party Complaint. *See* Dkt. 22. In addition to adding further counterclaims against Plaintiffs, Defendants also alleged claims against Third-Party Defendants Clinton Arnold and Tyson Arnold. *Id*. Overall, in some capacity, this matter now contains claims and counterclaims between Plaintiffs and Defendants, as well as claims and counterclaims between Defendants and Third-Party Defendants. *See* Dkts. 53, 55, and 56.

On August 29, 2022, former counsel for Defendants filed a motion for leave to withdraw, which the Court granted the following day. *See* Dkt. 64. The Court later entered an Amended Order Granted Leave to Withdraw on October 31, 2022. *Amended Order*, Dkt. 67. The Amended Order mandated that former counsel for Defendants continue their representation until proof of service of the Amended Order on Defendants was filed with the Court. *Id*. at 2.

The Amended Order further directed the Defendants to advise the Court in writing how they intended to be represented and informed the Defendants that if

**MEMORANDUM DECISION AND ORDER - 3**

they failed to appear within twenty-one days, such failure would be sufficient grounds for entry of default and dismissal of their claims or counterclaims. *Id.* Finally, the Amended Order stated that the corporate Defendants, Farb Guidance Systems and Farb Farms, cannot appear in this matter without being represented by an attorney. *Id.* (citing Dist. Idaho Loc. R. 83.4(d)).

On November 9, 2022, former counsel for Defendants filed a notice of service with the Court. *See* Dkt. 68. On December 1, 2023, twenty-two days after the notice of service was filed, Plaintiffs brought two motions requesting that this Court enter default on all their claims against Defendants and dismiss Defendants' counterclaims. *See* Dkts. 69 and 70. Days later, Third-Party Defendants filed almost identical motions. *See* Dkts. 72 and 73.

On December 8, 2022, Farb filed a notice of appearance informing the Court that he intended to proceed pro se. *See* Dkt. 74. Despite acknowledging that he cannot represent the corporate Defendants, Farb also informed the Court that, "to the extent that it is allowed by the court, I will represent the other defendants in this case." *Id.*

## LEGAL STANDARD

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Although Rule 55(a) "refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982); *Best Deals on TV, Inc. v. Naveed*, No. C 07–01610 SBA, 2008 WL 2477390, at *7 (N.D. Cal. June 18, 2008) ("[A] movant may request the entry of default from the Court").

District of Idaho Local Civil Rule 83.6(c), which governs the withdrawal of an attorney, mandates that the client of the withdrawing attorney "be allowed twenty-one (21) days after the filing of proof of service [of a withdrawal order] by the attorney(s) to advise the Court in writing what manner the client will be represented." *Id*. The Rule then provides that "[i]f the said party fails to appear in the action, either in person or through a newly appointed attorney within such twenty-one (21) day period, such failure will be sufficient grounds for the entry of a default against such party or dismissal of the action of such party with prejudice and without further notice, which shall be stated in the order of the Court." *Id*.

## ANALYSIS

Plaintiffs and Third-Party Defendants have each filed two motions mirroring each other. *See* Dkts. 69, 70, 72, and 73. In essence, the parties are requesting an entry of default on all claims and counterclaims alleged against Defendants under

Federal Rule of Civil Procedure 55(a) and Local Rule 83.6(c) for their failure to appear following their former counsel's withdrawal. *See* Dkts. 69 and 72. Also due to the alleged failure to appear, the parties seek the dismissal of any claims or counterclaims alleged by Defendants. *See* Dkts. 70 and 73. As discussed below, the Court will grant the parties' motions as they relate to the corporate Defendants, but it will deny the motions as they pertain to Farb in his individual capacity.

### A.   Corporate Defendants Farb Guidance Systems and Farb Farms

Idaho's Local Rules provide that if a party fails to appear after the party's counsel of record has withdrawn, "such failure will be sufficient grounds for the entry of a default against such party or dismissal of the action of such party with prejudice." Dist. Idaho Loc. Civ. R.83.6(c)(2). Further, courts—including the Ninth Circuit—have found that an entry of default is appropriate where a corporate party fails or refuses to obtain adequate representation following the withdrawal of counsel. *See, e.g., Emp. Painters' Tr. v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Melaleuca, Inc. v. Lucrazon Glob., Inc.*, No. 414CV00024EJLCWD, 2015 WL 13386889, at *1 (D. Idaho Feb. 20, 2015). In fact, the Ninth Circuit explained that a court's entry of default judgment was "perfectly appropriate" where a corporate defendant failed to retain counsel after being ordered to do so.

*High Country Broad. Co.*, 3 F.3d at 1245.

Farb, in his individual capacity, recently informed the Court that he wishes to represent the corporate Defendants to the extent he is allowed to do so. *See* Dkt. 74. However, "the law is clear that a [business entity] can be represented only by a licensed attorney." *In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999); *see also* Dist. Idaho Loc. Civ. R. 83.4(d) ("Whenever an entity other than an individual desires or is required to make an appearance in this Court, the appearance shall be made only by an attorney of the bar of this Court or an attorney permitted to practice under these rules."). Because Farb is not a licensed attorney, he cannot represent the corporate Defendants in any manner. As such, the business entities have wholly failed to appear through newly appointed counsel, nor have the corporate Defendants indicated they have any such intention.

Accordingly, the Court will grant the Plaintiffs' and Third-Party Defendants' motions as they pertain to Defendants Farb Guidance System and Farb Farms and will enter default against the corporate Defendants and dismiss any claims and counterclaims they have alleged in this matter.

## B.   Defendant David Farb

Despite Farb informing the Court and the parties of his intention to proceed pro se, both Plaintiffs and Third-Party Defendants continue to seek dismissal of his

individual claims and counterclaims and to have default entered against him. *See* Dkts. 78 and 79. Specifically, the parties argue that Local Rule 83.6(c) provides sufficient grounds to grant their motions regardless of Farb's appearance and that Farb did not provide good cause for why he failed to comply with the Court-imposed deadline. *See Pl.s' Reply* at 2; Dkt. 78; *TPDs' Reply* at 3, Dkt. 77.

The Court is not persuaded. Although Local Rule 83.6(c) provides sufficient justification for dismissing a party's claims or entering default, the rule does not categorically mandate such an outcome. The Court acknowledges that Farb filed the notice of appearance eight days after the deadline; however, this minor delay does not justify dismissing his claims or entering default against him without an opportunity to address their merits. Notably, neither the Plaintiffs nor the Third-Party Defendants argue that they have suffered any prejudice due to Farb's minor delay, nor can they. *See id.*

The parties also argue that their motions should be granted because Farb has failed to show good cause for his delay. However, the good cause standard governs vacating an entry of default under Rule 55(c), not for the entry of default. *Compare* Fed. R. Civ. P. 55(a) *with* Fed. R. Civ. P. 55(c). Since default against Farb has not been entered in this case, the question remains whether he has "failed to plead or

**MEMORANDUM DECISION AND ORDER - 8**

otherwise defend." *See* Fed. R. Civ. P. 55.[2]   At this point, Farb has not failed to do either. Within a week of the parties filing the pending motions, Farb filed the notice of appearance electing to proceed pro se, effectively providing a viable defense to the pending motions. *See* Dkt. 74. Farb then filed a separate response. *See Response*, Dkt. 76.

Simply put, the Court does not find it appropriate to enter default as to any of the claims made against Farb or dismiss any claims or counterclaims Farb has alleged. Accordingly, the Court will deny Plaintiffs' and Third-Party Defendants' motions as they pertain to Defendant Farb in his individual capacity.

## ORDER

**IT IS ORDERED that:**

1. Plaintiffs' Motion for Entry of Default (Dkt. 69) is **GRANTED IN PART AND DENIED IN PART.** It is granted to the extent it seeks an entry of default against Defendants Farb Guidance System, Inc. and Farb Farms, LLC. It is denied to the extent it seeks an entry of default against Defendant David Farb.

2. Plaintiffs' Motion to Dismiss Counterclaims (Dkt. 70) is **GRANTED IN PART AND DENIED IN PART.** It is granted to

---

[2] The Court acknowledges that there is some discussion regarding whether it is appropriate to enter default under Rule 55(a) for "failing to defend" once a party has appeared or whether such relief should be granted as a sanction. *See, e.g.*, *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir. 1989) (affirming entry of default and default judgment against parties that failed to appear at trial without specifying whether the default was entered as a sanction or pursuant to Rule 55(a)). However, because Farb has not failed to defend, the Court need not address this issue at this time.

the extent it seeks to dismiss, with prejudice, any counterclaims alleged by Defendants Farb Guidance System, Inc. and Farb Farms, LLC. It is denied to the extent it seeks to dismiss any counterclaims alleged by Defendant David Farb.

3. Third-Party Defendants' Motion for Dismissal with Prejudice of Third-Party Complaint, Cross-Claims and/or Counterclaims (Dkt. 72) is **GRANTED IN PART AND DENIED IN PART.** It is granted to the extent it seeks to dismiss, with prejudice, any claims alleged by Defendants Farb Guidance System, Inc. and Farb Farms, LLC. It is denied to the extent it seeks to dismiss any counterclaims alleged by Defendant David Farb.

4. Third-Party Defendants' Motion for Entry of Default (Dkt. 73) is **GRANTED IN PART AND DENIED IN PART.** It is granted to the extent it seeks an entry of default against Defendants Farb Guidance System, Inc. and Farb Farms, LLC. It is denied to the extent it seeks an entry of default against Defendant David Farb.

DATED: April 10, 2023

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10